GEORGE W. KARSNER, surviving mortgagor of GEORGE W. KARSNER, and ELIZA S. KARSNER, his wife, v. JOHN BAILEY and GEORGE T. BAILEY.

The statute of February 1st, 1877, requires that the advertisement of a sale of lands and tenements by a sheriff under a *levari facias* on a mortgage should specify the principal improvements thereon, as much so as it requires it in a sale of lands and tenements under a judgment or other execution process.

LEVARI FACIAS on a mortgage at the suit of the defendants in the rule, the mortgagees, against the plaintiff in the rule, the surviving mortgagor, and sale thereon, and return by the sheriff to this term of the court, and rule to show cause why the sale should not be set aside. The petition and affidavit of the plaintiff in the rule alleged two grounds for it—first, the gross inadequacy of the price for which the mortgaged premises sold, twenty-seven thousand dollars, which was less than one-half of the market

value of them ; and secondly, that the sheriff's advertisements of the sale made no mention of the principal improvement or of any improvements whatever upon them.

The proof was that they consisted of a farm of over three hundred acres, including marsh, with two dwelling-houses and two complete sets of farm buildings thereon, well built, of the best materials, at a cost of not less than twenty thousand dollars, and an inexhaustible mine or deposit of green sand or marl of superior quality upon it; but the estimate of the value of it at a sheriff's sale, by the several witnesses, varied from fifty thousand to less than forty thousand dollars.

*Gray*, for the defendants in the rule, contended that under the recent statute passed, February 1st, 1877, 15 *Del. Laws* 617, 618, in relation to the sale of lands and tenements under execution process, it was not necessary, nor did it require, that the sheriff's advertisement of a sale of lands and tenements under a writ of *levari facias* on a mortgage should mention the principal improvements upon them.

*The Court*, however, held otherwise ; and although the general rule is that the court will not set aside a sheriff's sale of lands and tenements on execution process for inadequacy of price alone, unless it is gross, or where it sells for less than half of its estimated value, proved at the hearing, yet when the inadequacy of the price for which it sold is considerable other objections in addition to it will induce the court in the exercise of a sound discretion to do it. In this case, however, the court was clearly of the opinion that the statute referred to requires that the advertisements of the sales of lands and tenements by a sheriff under a *levari facias* on a mortgage should specify the principal improvements thereon, as much so as it requires it in a sale of lands and tenements under a judgment or other execution process, and set aside the sale on the second ground alleged against it.

*Bird*, for the plaintiff in the rule.

*Gray*, for the defendants in the rule.